UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> LADY Z. LIZCANO REYES, <br><br> Defendant. | Case No. 24-cv-07917-PCP <br><br> **ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Re: Dkt. No. 22 |

This case involves a claim of commercial piracy. Plaintiff Innovative Sports Management sued defendant Lady Z. Lizcano Reyes for publicly displaying, without a license, a soccer match to which Innovative owns the commercial-exhibition rights. On August 11, 2025, the Court granted Innovative's motion for default judgment. The Court awarded Innovative $750 in statutory damages pursuant to 47 U.S.C. § 553, $500 in enhanced damages pursuant to § 553, and $750 in damages for conversion. On August 29, 2025, Innovative filed a motion for attorney's fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C). For the following reasons, Innovative's motion is granted in part and denied in part.

**LEGAL STANDARD**

Under 47 U.S.C § 553(c)(2)(C), courts have discretion to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" in a Cable & Television Consumer Protection and Competition Act case. In exercising that discretion, courts apply the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). This method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citation omitted). "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed …

1   [which] may be reduced by the court where documentation of the hours is inadequate; if the case
2   was overstaffed and hours are duplicated; if the hours expended are deemed excessive or
3   otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).
4   "[A] district court may reduce a fee award if the amount of recovery was modest relative to the
5   amount the plaintiff initially sought." *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020)
6   (citation modified).

**DISCUSSION**

**I.    Fees**

Innovative requests $5,837.50 in attorney's fees, which breaks down as follows:

- 6 hours of work at an hourly rate of $675 by attorney Thomas P. Riley, totaling $4,050; and
- 5.5 hours at an hourly rate of $325 by an unidentified research attorney, totaling $1,787.50.

The Court agrees that the hourly rates requested by Innovative are reasonable. *See Innovative Sports Mgmt., Inc. v. Lizcano*, No. 24-cv-02678-PCP, slip op. at 2 (N.D. Cal. Mar. 17, 2025) (approving hourly rates of $675 for Mr. Riley and $325 for research attorney). The Court concludes, however, that it is appropriate to reduce the hours sought by Innovative for two reasons.

First, Innovative states that "[b]illable hours for legal services rendered [were] reconstructed by way of a thorough review of the files themselves." Dkt. No. 22-1, at 3 ¶ 7. "Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable and susceptible to time inflation." *Innovative Sports Mgmt., Inc. v. Gutierrez*, 22-cv-05793-BLF, 2023 WL 4686018, *2 (N.D. Cal. July 20, 2023). The Court finds that it is reasonable to reduce the requested fee award by twenty-five percent given the non-contemporaneous nature of Mr. Riley's billing records. *See id.* (applying a twenty-five percent reduction); *Lizcano*, slip op. at 4 (same); *see also Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("[T]he District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to

2

keep contemporaneous time records.").

Second, the Court finds that an additional twenty-five percent reduction is warranted because counsel's "firm routinely files these sorts of claims" and much of the time billed for extensive research is therefore almost certainly unnecessary. *Innovative Sports Mgmt., Inc. v. Arias*, No. 22-cv-05773-WHA, 2023 WL 4238494, at *2 (N.D. Cal. June 27, 2023). Indeed, the motion before the Court states the following:

> With respect to the novelty and difficulty of the questions presented, while the field of piracy law in general often involves novel and difficult questions, this specific case did not present any unusual challenges. This case did not preclude counsel from taking any other employment, there were no time limits imposed by the client or the circumstances.

Dkt. No. 22 at 5.

Applying the two twenty-five percent reductions brings the total billable amount from $5,837.50 to $3,283.59.

This award is guided by the principle that "a district court may reduce a fee award if the amount of recovery was modest relative to the amount the plaintiff initially sought." *Vargas*, 949 F.3d at 1195 (9th Cir. 2020) (citation modified). In this case, Innovative sought a default judgment of $28,750 and the Court awarded $2,000. A fee award amounting to more than 150% of the underlying judgment is appropriate under these circumstances. This amount also aligns with fee awards for Mr. Riley's work in similar matters. *See, e.g., Lizcano*, slip op. at 5 (awarding $3,290 in attorney's fees and collecting cases awarding similar amounts).

Accordingly, the Court awards plaintiff $3,283.59 in attorney's fees.

**II.   Costs**

Innovative requests costs in the amount of $1,328.75. This amount includes $405 for the complaint filing fee, $75 for service of process, $98.75 for a transcript request, and $750 for investigative expenses. The Court finds it appropriate to limit costs "to the complaint filing fee, the service of process charges, and the transcript fees. Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable." *Arias*, 2023 WL 4238494, at *2 (quoting *G & G Closed Cnir. Events, LLC v. Segura*, No. 20-cv-07576 WHA, 2021 WL 4978456,

at *2 (N.D. Cal. Sept. 28, 2021)). The Court therefore awards plaintiff $578.75 in costs.

## CONCLUSION

Innovative's motion is granted in part and denied in part. The Court awards Innovative $3,283.59 in attorney's fees and $578.75 in costs, totaling $3,862.34.

**IT IS SO ORDERED.**

Dated: October 7, 2025

P. Casey Pitts
United States District Judge